UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| | ) | No. 5:18-CR-81-REW-MAS |
| v. | ) ) | |
| VLAD-CALIN NISTOR, | ) | ORDER |
| Defendant. | ) ) | |

*** *** *** ***

Defendant Nistor[1] asks the Court to suppress evidence obtained in early 2016 during execution of seven search warrants for Nistor's online accounts. DE 460 (Motion, Mem. in Support, and Exs.); *see also* DE 537 (Reply). The Government opposes. DE 519 (Response). On referral, Judge Stinnett, after thorough treatment, recommended denial. *See* DE 589 (Report & Recommendation). Judge Stinnett expressly informed Defendant of his right to object to the recommendation and to secure *de novo* review from the undersigned. *See id.* at 10. The established, 10-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate judge's recommendation waives the

---

[1] Nistor faces charges of conspiring—between December 31, 2013, and December 11, 2018—to operate a criminal enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d) (Count 1); and of conspiring—between October 30, 2015, and October 2017—to commit four types of money laundering, all in violation of 18 U.S.C. § 1956(h) (Count 20). *See* DE 249 (Superseding Indictment).

1

right to appellate review); Fed. R. Crim. P. 59(b)(2)-(3) (limiting *de novo* review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made"). "The law in this Circuit is clear" that a party who fails to object to a magistrate judge's recommendation forfeits the right to appeal its adoption. *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *see also United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017) ("When a party . . . fails to lodge a specific objection to a particular aspect of a magistrate judge's report and recommendation, we consider that issue forfeited on appeal.").

As Judge Stinnett aptly noted, though Nistor pursued suppression on several bases,[2] and the Government defended the warrants on multiple grounds, the prosecution's first counterargument—that "[t]he Fourth Amendment does not protect a nonresident alien, who has had no previous significant voluntary connection with the United States, from an unreasonable search and seizure of property located in the United States"[3]—is "entirely dispositive[.]" DE 589 at 3. After thoroughly surveying the relevant caselaw, addressing the pertinent record, and circumspectly parsing the arguments presented, Judge Stinnett concluded:

> [Nistor is] a nonresident alien without significant voluntary connections to the United States . . . [and thus] cannot avail himself of the protections of the Fourth Amendment, including the remedy of suppression.

---

[2] Including a lack of particularly, absence of supportive probable cause, and that evidence discovered through execution of the multiple warrants issued after, and based on information unearthed through, execution of the first warrant were derivatively suppressible. *See generally* DE 460-1. Judge Stinnett's decisional basis, and the absence of objection, eliminates the need to address all bases.

[3] *See* DE 519 at 3 (quoting *United States v. Alahmedalabdaloklah*, No. CR-12-01263-PHX, 2017 WL 2839645, *2 (D. Ariz. July 3, 2017)) (quotation marks and alterations omitted).

2

DE 589 at 9–10. Again, Judge Stinnett's capable analysis and rejection of Nistor's suppression challenge stands unopposed.[4]

Accordingly, the Court **ORDERS** as follows:

1. The Court **ADOPTS** Judge Stinnett's recommendation (DE 589); and

2. The Court **DENIES** DE 460.

This the 30th day of April, 2020.

Signed By:
*Robert E. Wier*
United States District Judge

---

[4] Notably, the Supreme Court recently vacated and remanded the primary case on which Nistor based his rejoinder to the Government's theory of Fourth Amendment inapplicability—*Rodriguez v. Swartz*, 899 F.3d 719, 731 (9th Cir. 2018), *see* DE 537 at 2—"for further consideration in light of" the Court's decision in *Hernandez v. Mesa*, 140 S. Ct. 735 (2020). *See Swartz v. Rodriguez*, 140 S. Ct. 1258 (2020).

3