UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 5:18-CR-81-REW-MAS |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| VLAD-CALIN NISTOR, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 648 (Minute Entry), Judge Stinnett recommended that the undersigned accept Defendant Nistor's guilty plea and adjudge him guilty of Count 1 of the Superseding Indictment. *See* DE 652 (Recommendation); *see also* DE 650 (Plea Agreement); DE 249 (Superseding Indictment) ¶¶ 7–29. Judge Stinnett expressly informed Defendant of his right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 652 at 2–3. The established, 3-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate judge's recommendation waives the right to appellate review); Fed. R. Crim. P. 59(b)(2)-(3) (limiting *de novo* review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

1

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 652, **ACCEPTS** Nistor's guilty plea, and **ADJUDGES** him guilty of Count 1 of the Superseding Indictment (DE 249 ¶¶ 7–29);

2. The forfeiture allegation of the operative indictment names Defendant Nistor. *See* DE 249 at 85–89. Though the charging document alleges specifically forfeitable property, *see id.* at 88, it does not identify any property in which Nistor has a readily apparent interest. The plea agreement does not directly address forfeiture. *But see* DE 650 ¶ 11. And, per the recommendation, the Government represents that the forfeiture allegations "are still at issue." DE 652.

3. The Court must "as soon as practical after a . . . plea of guilty is accepted . . . determine what property is subject to forfeiture under the applicable statute." Fed. R. 32.2(b)(1). To that end, Defendant Nistor **SHALL**, within 10 days, file a notice advising whether he intends to seek a jury determination regarding forfeiture or is waiving any claim to jury consideration and consenting to the Court's resolution of all forfeiture issues.[1] The Government **SHALL**, within 7 days of Defendant's filing, submit a status report regarding forfeiture. Defendant Nistor, within 14 days of the Government's status report, **SHALL** respond;

4. The Court, as to this Defendant only, **GENERALLY CONTINUES** the jury trial in this matter; and

---

[1] If electing the latter, the notice must affirmatively indicate—either via (1) a waiver and consent personally signed by Defendant Nistor or via (2) an affirmative counsel representation of consultation and client consent—Nistor's agreement to Court handling and waiver of jury consideration.

5. The Court will issue a separate sentencing order.[2]

This the 27th day of May, 2020.

Signed By:
Robert E. Wier  *REW*
United States District Judge

---

[2] At the hearing, Judge Stinnett remanded Nistor to custody. *See* DE 648. The Court, thus, sees no need to further address detention, at this time.