## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION
## LEXINGTON

**CRIMINAL ACTION NO. 5:18-CR-81-REW-MAS**

**UNITED STATES OF AMERICA**                              **PLAINTIFF**

**V.**        **AGREED GENERAL FORFEITURE ORDER
PURSUANT TO CRIMINAL RULE 32.2(b)(2)(C)**

**VLAD-CALIN NISTOR**                                    **DEFENDANT**

\* \* \* \* \*

Based upon the Defendant's guilty plea [Plea Agreement, DE 650], and for the reasons stated at bar, the United States and Defendant Vlad-Calin Nistor submit this agreed general forfeiture order pursuant to Federal Rule of Criminal Procedure 32.2(b)(2)(C):

**WHEREAS**, the Defendant pled guilty to Count 1 (Conspiracy to Commit a RICO offense in violation of 18 U.S.C. § 1962(d)) of the Superseding Indictment [DE 249], which includes a forfeiture allegation requiring the Defendant to forfeit, pursuant to 18 U.S.C. § 1963(a), the following: any interest acquired or maintained in violation of section 1962; any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over any enterprise that the Defendant established, operated, controlled, conducted, or participated in the conduct of, in violation of section 1962; and any property constituting, or derived from, any proceeds that the Defendant obtained, directly or indirectly, from racketeering activity in violation of section 1962;

**WHEREAS**, the United States and the Defendant have provisionally agreed to the forfeiture of certain assets seized or restrained by the United States or foreign authorities, because there is a nexus between that property and the offense to which the Defendant has pled guilty, but the parties are waiting on certain required approvals within the Department of Justice before finalizing an agreed preliminary forfeiture order specifically identifying the property to be forfeited to the United States or released to the Defendant;

**WHEREAS**, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2)(C), the Court may enter a general forfeiture order that may be amended post-sentencing to specifically identify the property to be forfeited;

**AND WHEREAS**, pursuant to 18 U.S.C. § 1963(a), forfeiture for violations of 18 U.S.C. § 1962 is mandatory;

It is hereby **ORDERED, ADJUDGED** and **DECREED** that the Defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 1963(a), any and all interest that he has in the following: any interest acquired or maintained in violation of section 1962; any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over any enterprise that the Defendant established, operated, controlled, conducted, or participated in the conduct of, in violation of section 1962; and any property constituting, or derived from, any proceeds that the Defendant obtained, directly or indirectly, from racketeering activity in violation of section 1962. The parties shall have twenty (20) days after entry of this order to move to amend the same, pursuant to Rule 32.2(b)(2)(C) and 32.2(e)(1)(A), to specifically identify the property to be forfeited, which shall include, subject to the approval of the Department of Justice, all bitcoin and

euro restrained in account AA02 N84G 5YPI AFWA in the name of Coinflux Services SRL (Vlad-Calin Nistor, Administrator) at Payward Ltd. Company, Kraken.

**IT IS FURTHER ORDERED** that the United States District Court shall retain jurisdiction in the case for the purpose of enforcing this order and amending the same pursuant to Rule 32.2(b)(2)(C) and 32.2(e)(1)(A).

**IT IS FURTHER ORDERED** that, pursuant to Rule 32.2(b)(4)(A), this general forfeiture order shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

**IT IS FURTHER ORDERED** that at such time as this general forfeiture order is amended pursuant to Rule 32.2(b)(2)(C) and 32.2(e)(1)(A) the government shall provide notice of the amended forfeiture order, pursuant to Rule 32.2(b)(3), so that any third parties desiring to contest the order may do so in an ancillary proceeding as provided by 18 U.S.C. § 1963(l).

**HAVE SEEN AND AGREED:**

CARLTON S. SHIER, IV
ACTING UNITED STATES ATTORNEY

/s/ Haley Trogdlen McCauley
By: Haley Trogdlen McCauley
     Assistant United States Attorney


/s/ Vlad-Calin Nistor (with permission)
Vlad-Calin Nistor
Defendant

/s/ Michael Davitt (with permission)
Michael Davitt
Attorney for Defendant